RECEIVED
AUG 2 2 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**CV05-1515 S**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) |
| TASA, INC. D/B/A ORR MINDEN COUNTRY CHEVROLET, | ) ) ) ) |
| Defendant | ) |

CIVIL ACTION NO.

COMPLAINT

**JUDGE WALTER**

JURY TRIAL DEMAND

**MAGISTRATE JUDGE HAYES**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and discriminatory retaliation, and to provide appropriate relief to David Thompson who was adversely affected by such practices. As more particularly described in the Statement of Claims section of this Complaint, the United States Equal Employment Opportunity Commission (hereafter referred to as "the Commission") alleges that David Thompson, an African American, was unlawfully discharged by the Defendant in retaliation for having filed a charge of employment discrimination based on his race with the Commission.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

1

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practice alleged to be unlawful in this Complaint was committed within the jurisdiction of the United States District Court for Western District of Louisiana, Shreveport Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant, Tasa, Inc. d/b/a Orr Minden Country Chevrolet (the "Employer"), has continuously been a Louisiana corporation doing business in the State of Louisiana and the City of Minden, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, David Thompson filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2003, Defendant Employer engaged in an unlawful employment practice at its automobile dealership known as Orr Minden Country Chevrolet in Minden, Louisiana, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3. On October 17, 2003, Defendant Employer discharged David Thompson as a result of a charge of employment discrimination based on race that he filed against the Defendant Employer with the Commission. The Defendant Employer's owner Larry Coker, while aware of David Thompson's Commission charge filing, personally discharged Mr. Thompson purportedly for performance, attendance and/or attitude issues. At the time of his discharge, Mr. Thompson had not received any employment-related discipline or warnings by the Defendant Employer. The Defendant Employer's discharge of David Thompson was motivated by the retaliatory animus of its owner Larry Coker.

8. The effect of the unlawful employment practice complained of in paragraph 7 above has been to deprive David Thompson of equal employment opportunities and to otherwise adversely affect his status as an employee, because of discriminatory retaliation.

9. The unlawful employment practice complained of in paragraph 7 above was intentional.

10. The unlawful employment practice complained of in paragraph 7 above was done with malice or with reckless indifference to the federally protected rights of David Thompson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discriminatory retaliation.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which protect its employees from discriminatory retaliation, and which eradicate the effects of its past unlawful employment practice.

C.  Order Defendant Employer to make whole David Thompson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice, including but not limited to appropriate frontpay.

D.  Order Defendant Employer to make whole David Thompson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described in paragraph 7 above, including job-search expenses and medical-related expenses, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole David Thompson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practice complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay David Thompson punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

_____
KEITH T. HILL
Regional Attorney
No Bar Roll Number

_____
MICHELLE T. BUTLER
Supervisory Trial Attorney
Bar Roll No. 1286

_____
N. ELEANOR GRAHAM, T.A.
Senior Trial Attorney
Bar Roll No. 16946

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New Orleans District Office
701 Loyola Avenue, Suite 600
New Orleans, Louisiana  70113
Telephone:  (504) 589-6922
               (504) 589-6817
Telefax:    (504) 589-2805



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans District Office

701 Loyola Avenue, Suite 600
New Orleans, LA 70113-9936
(504) 589-2329
TTY (504) 589-2958
FAX (504) 589-2805

Writer's Direct Dial: (504) 589-6922

CV05-1515 S

order

VIA REGULAR U.S. MAIL

August 18, 2005

District Clerk of Court
Western District of Louisiana
300 Fannin Street
Suite 1167
Shreveport, La. 71101-3083

RECEIVED
AUG 2 2 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

Re:   Complaint & Consent Decree Documents – New Filing

Dear Sir or Madam:

   The plaintiff U. S. Equal Employment Opportunity Commission submits the enclosed (1) Complaint with cover sheets for filing as a new action against Tasa, Inc. d/b/a Orr Minden Chevrolet; (2) Joint Motion to Approve and Enter Consent Decree and to Dismiss Plaintiff's Complaint; and (3) proposed Consent Decree, reflecting an agreement of the parties pre-suit, for the allotted Judge's signature and entry. We also have enclosed extra copies of all pleadings for you to clock and return to me in the enclosed self-addressed business envelope.

   Thank you for your attention to this matter.

Sincerely,

N. Eleanor Graham
Senior Trial Attorney

neg\
Enclosures

xc:   Andrew Texada
      Michelle Butler